### BRIT OSBORNE v. THE STATE.

No. 2297.     Decided March 13, 1901.

**1. Indictment—Burglary of Private Residence.**

Under article 839a, Penal Code, the burglary of a private residence is specifically made a separate and distinct offense from burglary as denounced in articles 838 and 839, and, to be sufficient, the indictment for said offense must allege the burglarized house to be a private residence, because this is a part of the definition of the offense and a different punishment is provided from that affixed to ordinary burglary.

**2. Same—Allegation and Proof—Variance.**

Where an indictment for burglary alleged an ordinary burglary, and the proof showed burglary of a private residence, the variance was fatal and the conviction illegal.

APPEAL from the District Court of Young. Tried below before Hon. A. H. CARRIGAN.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*John C. Kay*, for appellant.

*D. E. Simmons*, Acting Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary. The indictment is in the ordinary form, and charges a daytime breaking by force, threats, and fraud. There is no allegation in the indictment that the house was a private residence. The evidence shows beyond controversy that it was a private residence; but by the Act of June 5, 1899 (Acts Twenty-sixth Legislature, page 318), article 839a was added to the Penal Code, making burglary of a private residence a separate and distinct offense from that contained in articles 838, 839, Penal Code. This act prescribes a different punishment for the burglary of a private residence than an ordinary burglary, to wit, for any term of years not less than five. We are of opinion that, in order to constitute a valid indictment under this act, it must allege the burglarized house to be a private residence. This is a part of the definition itself; and, whether the Legislature had expressly stated it should be a distinct and separate offense, the definition of the offense itself would necessarily make it a different offense, because it is composed of different elements and is differently defined from the ordinary burglary. In support of our views in reference to the necessary allegations of the indictment under the Act of 1899, supra, we cite White's Annotated Penal Code, section 1502, for collation of authorities; also Rice v. State, 37 Texas Criminal Reports, 36; Bice v. State, 37 Texas Criminal Reports, 38; Edwards v. State, 37 Texas Criminal Reports, 242; Dudley v. State, 37 Texas Criminal Reports, 543. The evidence shows burglary of a private residence. Because the evidence does not support the judgment—in other words, because there is a variance between the allegations in the indictment and the evidence adduced in support of it—the judgment is reversed and the cause remanded.

*Reversed and remanded.*