## L. Reyes v. The State.

### No. 3532.    Decided May 1, 1907.

**1.—Burglary—Arrest of Judgment—Indictment—Private Residence.**

Where the indictment charged burglary in the usual form and that the burglarized house was occupied by the alleged owner, but did not allege that it was a private residence, as defined in article 839a, Penal Code, and the evidence showed that the house was burglarized in the daytime, the offense was not within the purview of the terms of said article, and a motion in arrest of judgment on the ground that the burglarized house was a private residence and the indictment must so allege, was without merit, even though said house was a private residence.

**2.—Same—Sufficiency of Evidence.**

Where upon trial for burglary the evidence showed that defendant had been at the burglarized house shortly before the burglary; that he was met going in the direction of it on the morning of the burglary and in close proximity: that he sold the knife that was taken from the house not a great while afterwards, stating that he bought it at a certain store, which was shown to be false, the evidence was sufficient to sustain a conviction.

**3.—Same—Charge of Court—Errors of Trial Court—Practice.**

Under article 723, Code Criminal Procedure, in order to secure the advantages of error in regard to charging the jury, it is necessary that an exception be reserved either on the trial or in the motion for a new trial. Following: Manning v. State, 46 Texas Crim. Rep., 332.

Appeal from the District Court of San .Patricio.   Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Baldwin,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, the punishment assessed being two years in the penitentiary.

Motion in arrest of judgment was urged in the court below because the burglarized house was shown to be a private residence, and the indictment failed to so charge.   An inspection of the indictment shows that it is in the usual form, charging burglary of the house then and there occupied by the alleged owner, but did not allege that it was a private residence.   The facts show that the house was burglarized in the day time, and not at night.   Article 839a, Penal Code, provides that the burglary of a private residence is constituted by entering a private residence by force, threats, or fraud, at night, or in any manner by entering a private residence at any time, either day or night, and remaining concealed therein until night, with the intent, in either case, of committing a felony, or the crime of theft.   Article 845a, Penal Code, provides the punishment at a term of years not less than five for burglary of a private residence, and article 845b provides that nothing in articles 839a and 845a of this chapter shall be construed to alter or in any manner repeal articles 838 and 839 of this chapter, nor any part thereof, but shall be construed to make burglary of a private residence at night a separate and distinct offense from burglary, as defined in articles 838 and 839 of said chapter, and article 845c defines a private residence, as mentioned in the preceding articles, to mean any building or room occupied and actually used at the time of the offense by any person or persons as a place of residence.   Under these articles, it seems that in order to constitute the offense of burglary of a private residence, such burglary must be committed at night, or as provided in article 839a, therefore a burglary committed in the day time even of a private residence is not within the terms of said article 839a.   The facts in appellant's case show that the burglary was committed in the day time, and, therefore, it was not within the purview of the terms of article 839a, supra.   Therefore, there is no merit in the motion in arrest of judgment.

There are no bills of exception in the record, and all the grounds relied upon for reversal are brought forward in the motion for a new trial, the 5th ground of which embodies the motion in arrest of judgment, above discussed. The 1st, 2d, 3d, and 4th grounds·of the motion are based upon the alleged insufficiency of the evidence to support the verdict of the jury and judgment of the court. The evidence is entirely circumstantial. The alleged owner testified with reference to appellant's connection with the burglary, or supposed connection with the burglary, that she had been at her house just shortly before the alleged burglary, and the morning that she left her residence she closed all the doors and windows, leaving each securely fastened; she was gone a short while and returned, and found the house had been entered, and some things taken; among other things, a pocket knife, which she described. Upon leaving her house she met appellant, or a Mexican, whom she, with reasonable certainty, identifies as appellant, in company with two younger Mexicans; they were· near and going in the direction of her residence when she met them. Appellant subsequently sold a knife identified by her as being her knife, and made a statement at the time to the effect that he got it at Moore's store. Green, the purchaser, was working for Mathis Feed Store. Gordon Moore was placed upon the stand and testified that he was manager of Moore's Drygoods Store at Rockport, and further testified to the fact that he had seen the knife in question; had seen it in the grand-jury room, and also at Sinton a few days before detailing his testimony; and denied selling defendant the knife in question, and further stated that appellant did not buy the knife at his store; that they never handled that kind of knife. There was another Moore also doing business in the town, but his business was exclusively shoes and boots; he did not carry knives in stock, so far as the record is concerned, and there was no evidence introduced to contradict this testimony.

Without going into a detailed statement, the evidence may briefly be summed up that appellant had been at the burglarized house shortly before the burglary; that he was met going in the direction of it on ·the morning of the burglary and in close proximity; that he sold the knife that was taken from the house not a great while afterwards to a man by the name of Green, making a statement that he bought the knife at Moore's store. This was shown to be false. So we have a case where an entry was made into a house as condemned by the statute of burglary, and appellant in possession of some of the property taken from it shortly afterwards, and giving an account of his possession that was shown to be false, and no testimony offered on his part to sustain his statement. This we think is sufficient evidence to form a predicate for the verdict under the decisions in this State.

Appellant, in his brief, insists that the judgment should be reversed because the lower court failed to charge with reference to appellant's account of his possession of the knife when it was challenged, and that he having given a reasonable account of possession, the court should have

charged the jury with reference to it, and that it was such error on the part of the court as requires a reversal of the judgment. There was no exception reserved to this omission of the court either during the trial or on motion for a new trial; had the point been raised in the trial court either during the trial or on motion for a new trial it would perhaps have brought about the reversal. Under article 723, Code Criminal Procedure, in order to secure the advantages of errors of omission or commission in regard to charging the jury, it is necessary that an exception be reserved either on the trial or brought forward in motion for a new trial. The error complained of in the brief cannot, therefore, be reviewed in this court under our decisions. For a collation of authorities see Manning v. State, 46 Texas Crim. Rep., 332.

As the record is presented, under our authorities, the judgment will have to be affirmed.

*Affirmed.*