J. W. RODGERS v. THE STATE.

No. 558.    Decided April 19, 1910.

**Burglary—Private Residence—Separate Offense.**
   Where the indictment charged ordinary burglary, and the evidence showed that the house burglarized was a private residence, and that the entry was at night, no conviction could be sustained.  Following Lewis v. State, 54 Texas Crim. Rep., 636, and other cases.

   Appeal from the District Court of Jones.    Tried below before the Hon. Cullen C. Higgins.
   Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.
   The opinion states the case.

S. J. T. Smith, for appellant.

John A. Mobley, Assistant Attorney-General, for the State.

   RAMSEY, JUDGE.—Appellant was convicted in the District Court of Jones County on the 18th day of January of this year on a charge of burglary in the ordinary form and his punishment assessed at confinement in the penitentiary for a period of two years.
   In the court's charge the jury were instructed in substance that if they found appellant guilty as charged they would assess his punishment at imprisonment in the penitentiary for not less than two nor more than twelve years.  By motion timely made the correctness of this charge in respect to the matter of punishment was challenged on the ground that the proof showed that the house burglarized was a private residence, and as the law fixed for this offense a punishment other and different from that stated in the court's charge, that this error was calculated to and likely did injure the rights of appellant. That the charge in question is erroneous and that the error is reversible, has been expressly held by this court in the case of Harvey v. State, 61 S. W. Rep., 492.  The opinion in that case is as follows: "Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.  It appears from an inspection of this record that appellant was indicted under article 838, Penal Code.  The Twenty-sixth Legislature (see Acts 1899, p. 318) added to the Penal Code articles 839a, 845a and 845b.  Article 845b reads: 'Nothing in articles 839a and 845a of this chapter shall be construed to alter or in any manner repeal articles 838 and 839 of this chapter, nor any part thereof, but shall be construed to make burglary of a private residence at any time a separate and distinct offense from burglary as defined in articles 838 and 839 of this chapter.'  The proof in this case shows that appellant burglarized a private residence under an indictment in the usual form as authorized by article 838, Penal

Code. This character of prosecution can not now be maintained for burglarizing a private residence, since the Legislature has by express words created a separate and distinct offense where one burglarized a private residence. This being true, it becomes absolutely necessary to indict defendant for burglarizing a private residence, if the proof shows that he burglarized a private residence. In other words, the indictment should be drawn under article 839a, instead of article 838, Penal Code. See Osborne v. State, 42 Texas Crim. Rep., 557, 61 S. W. Rep., 491, and Cleland v. State, 61 S. W. Rep., 492, infra, just decided. There being a fatal variance between the indictment and the proof the judgment must be reversed and the cause remanded." This same question is discussed at some length in the case of Lewis v. State, 54 Texas Crim. Rep., 636, as well as in the following cases: Reyes v. State, 51 Texas Crim. Rep., 420, 102 S. W. Rep., 421; Handy v. State, 46 Texas Crim. Rep., 406, 80 S. W. Rep., 526. The proof all shows in this case that the house burglarized was the private residence of one Reedy, and that the entry was at night. No conviction could be sustained under the indictment in this case. All the authorities treat the burglary of a private residence as a separate and distinct offense and the indictment charging the offense should follow article 839a of our Penal Code.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*