# APRIL, 1914.

### E. W. Bragg v. The State.

No. 2963. Decided April 15, 1914.

Rehearing denied May 6, 1914.

**1.—Swindling—Accomplice—Sufficiency of the Evidence.**

Where, upon trial of swindling by an accomplice, the evidence sustained the conviction, there was no error.

**2.—Same—Principals—Charge of Court.**

Where, upon trial of swindling as an accomplice, the court correctly applied the law to the proof and the allegations in the indictment, and required the jury to believe beyond a reasonable doubt everything necessary and proper under the law to convict, etc., and required them to believe beyond a reasonable doubt that the principal as well as the accomplice was guilty, the same was sufficient.

**3.—Same—Charge of Court—Principal—Accomplice.**

Where defendant was indicted as an accomplice to swindling, it was not necessary for the court to charge that in order to make defendant guilty as an accomplice, the jury must believe beyond a reasonable doubt that he and the principal entered into an agreement to commit the offense of swindling; if the accomplice advised, commanded or encouraged the principal, this was sufficient.

**4.—Same—Verdict—Bill of Exceptions.**

In the absence of a bill of exceptions, a complaint that the jury corrected their verdict before the court received it can not be considered on appeal.

**5.—Same—Charge of Court—Objections—Practice.**

Where defendant's complaint to the court's charge in not submitting the question that if the defendant stood in the relation of parent, master, etc., he should receive the highest punishment, etc., was not made in time as required by law, the same could not be considered on appeal; besides, such failure would redound to the benefit of the defendant and he could not complain.

Appeal from the District Court of Titus. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of accomplice to swindling; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that the prosecuting witness bought a bale of cotton from defendant's son, and paid a valuable price therefor, something like $69 or $70, and that when he examined the same a day or two thereafter, he noticed that it was not cotton at all; that it was no good and that there was absolutely nothing but motes, sand, etc.; that he had bought the cotton by sample for good cotton, etc.; that defendant knew of the character of the swindle and induced his son to sell the same to the prosecuting witness, etc.

*S. M. Long* and *W. E. Ponder* and *Rolston & Rolston,* for appellant.— On question of the court's refusal of defendant's special charge: Watson v. State, 5 Texas Crim. App., 11; Jenkins v. State, 1 Texas Crim. App., 346; Lott v. State, 24 id., 723.

On question of court's refusal to submit requested charges that there must be an agreement between accomplice and principal to swindle: Freeman v. State, 11 Texas Crim. App., 92; West v. State, 28 id., 1; Rix v. State, 33 Texas Crim. Rep., 353.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for accomplice to swindling and his punishment assessed at two years in the penitentiary—the lowest prescribed by law.

The evidence was amply sufficient to sustain the conviction. The case was tried in October, 1913. The appellant complains in some particulars of the court's charge. His first is, in effect, that the court failed to charge specially that in order to convict him as an accomplice the evidence must be sufficient to convict the principal as principal. It must be borne in mind that it was the accomplice and not the principal on trial. The court in his charge to which there is no complaint, first stated substantially but succinctly the allegations in the indictment. Then told the jury all of the requisites necessary for the State to establish before they were authorized to convict. Following this, in submitting the case to the jury for a finding, he required the jury to believe beyond a reasonable doubt everything necessary and proper under the law and the indictment for them to believe, before they could convict and if they found all of these things beyond a reasonable doubt, then to convict. In

this charge not only did he require them to believe beyond a reasonable doubt everything essential to show the principal's guilt as principal, but also the appellant's as an accomplice.

The court, in his charge, required the jury to believe, beyond a reasonable doubt, as the statute requires that in order to convict him as an accomplice they must believe that he did unlawfully and willfully and fraudulently advise, command and encourage the principal to do and commit said swindling, and that he was not personally present when the swindling, if any, was committed, before they could convict him. It is not the law and was not necessary for the court to charge as contended by appellant that in order to make him guilty as an accomplice, the jury must believe beyond a reasonable doubt that he and the principal entered into an agreement to commit the offense of swindling. The law and the statute does not require that he shall enter into any such agreement, but it only requires in order to make him an accomplice, that before the act is done he advised, commanded, or encouraged the principal to commit the offense of swindling.

Appellant complains by his motion for new trial only that the court had the verdict of the jury corrected before he would receive it. Nothing is shown by any bill of exceptions on this subject and we can not review such matter stated only in the motion for new trial. It must be shown by bill of exceptions.

As stated above, this cause was tried in October, 1913,—sometime after the Act of April 5, 1913, p. 278, amending articles 735, 737 and 743 and adding 737a, were in force. The court correctly told the jury that if they found appellant guilty and the value of the property of which the complaining witness had been swindled was worth more than $50 to assess his punishment in the penitentiary at any term of years not less than two nor more than ten. This is the penalty prescribed by law. Appellant in no way complained of this at or before the trial. For the first time in his motion for new trial he complained that the court should have given the punishment prescribed by article 84, Penal Code. That article is: "If the accomplice stands in the relation of parent, master, guardian or husband to the principal offender, he shall, in all such cases, receive the highest punishment affixed to the offense, and the same may, in felonies less than capital, be increased by the jury to double the highest penalty which would be suffered in ordinary cases." That article of the statute is inapplicable to the offense alleged in this case. The indictment did not allege that the appellant stood in the relation of parent to the principal offender. This it is necessary to allege in the indictment before this article of the statute is applicable. Sec. 107, White's Ann. P. C.; Wilson's Form No. 739 (4th ed.). Besides this, under the amended articles of the procedure by said Act of April 5, 1913, it was too late to first make this complaint of the court's charge after the trial was concluded. Barnett v. State, 42 Texas Crim. Rep., 302; Manning v. State, 46 Texas Crim. Rep., 326, and cases cited; Knight v. State, 64 Texas Crim. Rep., 541, 569, 570, 578-9, and cases therein cited; Bills

v. State, 55 Texas Crim. Rep., 541; Williams v. State, 53 Texas Crim. Rep., 396; Robbins v. State, 57 Texas Crim. Rep., 8; Reyes v. State, 51 Texas Crim. Rep., 420; Bell v. State, 31 Texas Crim. Rep., 521; Work v. State, 3 Texas Crim. App., 233; Gantt v. State, 105 S. W. Rep., 799.

Again, the court's failure to authorize the higher penalty, even if said article 84, Penal Code, had been applicable was clearly in appellant's favor and not against him and he can not justly complain on that account. Jones v. State, 63 Texas Crim. Rep., 394, and authorities there cited; Coker v. State, 71 Texas Crim. Rep., 504, 160 S. W. Rep., 366.

As stated above the evidence is amply sufficient to sustain the verdict. In fact, it occurs to us of the evidence in this case, as said by Judge Hurt of the evidence in Graham v. State, 28 Texas Crim. App., 9: "No honest jury under such proof could do otherwise than convict." The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 6, 1914.—Reporter.]