AUGUSTINE REYES v. THE STATE.

No. 8635. Decided January 16, 1924.

1.—Burglary—Indictment—Private Residence.

Where the indictment alleged that defendant by force, threat, and fraud entered a house which was the private residence of Rose Darlington, with the intent to commit the offense of theft, but failed to allege whether it was daytime or night, or that the entry was by breaking, the same was bad on motion to quash, and the judgment must be reversed and the cause dismissed.

2.—Same—Private Residence—Definition of Offense.

Under article 1305 P. C., burglary of a private residence is defined to be the entry thereof by force, threats, or fraud at night, or the entry thereof in any manner either day or night, and remaining concealed therein

until night with the intent of committing the crime of theft or any other felony, and the indictment is therefore insufficient to allege a burglary of a private residence.

3.—Same—Indictment—Daytime Burglary.

Where the evidence showed that the burglary was committed in the daytime and the indictment failed to charge that character of burglary, that is by breaking, the conviction could not be sustained under daytime burglary. Following Summers v. State, 9 Texas Crim. App., 396, and other cases.

Appeal from the Criminal District Court of Cameron. Tried below before the Honorable A. W. Cunningham.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Yates*, for appellant. Cited cases in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

HAWKINS, Judge.—Conviction is for burglary with an assessed punishment of three years confinement in the penitentiary.

The indictment alleges that appellant by "force, threats and fraud" entered a house which was the private residence of Rose Darlington with the intent to commit the offense of theft, but fails to allege whether it was daytime or night, or that the entry was by "breaking."

Article 1305 of the Penal Code defines burglary of a private residence to be the entry thereof by force, threats or fraud at *night*, or the entry thereof in any manner either day or night and remaining concealed therein until night with the intent of committing the crime of theft or any other felony. There being no allegation in the present indictment that the entry was made at night or that appellant entered the house and concealed himself until night clearly does not charge burglary of a private residence. The point is further made that the undisputed evidence shows the burglary was committed in the daytime and that the indictment fails to charge that character of burglary and therefore the conviction can not stand. This contention must be sustained. Article 1303 defines ordinary burglary to be "entering a house by force, threats or fraud at night; or in like manner by entering a house at any time either day or night and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft." Article 1304 Penal Code reads: "He is also guilty of burglary who, with intent to commit a felony or theft by *breaking*, enters a house in the daytime."

It has been held many times by this court that an indictment which charges the entry of a house by *force* and *breaking* charges the crime

of either a night-time or daytime burglary without the necessity of alleging whether it occurred in the day-time or at night, but so far as we are aware it has never been held that a daytime burglary could be charged without alleging that the entry of the house was accomplished by a *breaking*. Many cases will be found in the reports upon this subject. See Summers v. State, 9 Texas Crim. App. 396; Carr v. State. 19 Texas Crim. App. 635; Bavo v. State, 20 Texas Crim. App. 188; Bates v. State, 50 Texas Crim. Rep., 568; Newman v. State, 55 Texas Crim. Rep., 273; Winkley v. State, 58 Texas Crim. Rep.. 564; Rogers v. State, 59 Texas Crim. Rep., 146; Carner v. State, 31 Texas Crim. Rep., 22; Bradford v. State, 62 Texas Crim. Rep., 424. The present indictment omitting the allegation that the entry into the house was by "breaking" does not charge the offense of daytime burglary; even had there been an allegation that the entry did occur in the daytime it would not have charged the crime of burglary, the allegation of "breaking" being omitted.

Under the law it becomes our duty to reverse the judgment and order the prosecution dismissed under the present indictment, which is accordingly done.

*Reversed and dismissed.*