## VICENTE ROMERO, ALIAS RAMON ARISPE, V. THE STATE.

### No. 11324.   Delivered February 8, 1928.

**1.—Passing a Forged Instrument—Evidence—Comparison of Handwriting— Properly Admitted.**

Where appellant was on trial for passing a forged instrument and the signature on the forged instrument was in issue, there was no error in permitting the introduction of a good check bearing appellant's signature for the purpose of comparing his identified signature with that on the forged check.   See Hughes v. State, 59 Tex. Crim. Rep. 294, and other cases cited.   Underhill's Crim. Ev. (3rd Ed.), Sec. 195, note 93.

**2.—Same—New Trial—Misconduct of Jury—Not Shown.**

Where appellant, on trial for passing a forged instrument, had testified that the instrument was delivered to him by a person in the presence of his uncle, who was not produced as a witness on the trial, there was no misconduct on the part of the jury in their deliberations to discuss the failure of appellant to produce his uncle as a witness.

**3.—Same—Continued.**

Ordinarily, when the members of a jury, in discussing the case on their retirement, advert to those things alone which took place in their presence upon the trial, their arguments based thereon are not the proper subject of inquiry in attacking the verdict, and do not come within any of the provisions of the statute stating the grounds of a new trial.   See Todd v. State, 93 Tex. Crim. Rep. 553, and other cases cited.

**4.—Same—New Trial—Misconduct of Jury—Discretion of Trial Court.**

Where the mandate of no statute has been violated, the alleged misconduct of the jury as a ground for a new trial is left primarily in the discretion of the trial judge, and unless there is an abuse of this discretion, the reviewing court is not authorized to disturb the verdict.   See Reese v. State, 87 Tex. Crim. Rep. 245, and other cases cited.

Appeal from the District Court of Nueces County.   Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is passing a forged instrument, punishment fixed at confinement in the penitentiary for a period of two years.

The instrument was a check for $7.00 in favor of Ramon Arispe, bearing date February 27, 1927, purported to have been drawn on the State National Bank, Corpus Christi, Texas, signed by F. G. Murray, and indorsed by Ramon Arispe.   That the

check was forged and that it was passed by the appellant to H. C. Nieman was shown without controversy.

Appellant testified and explained his possession of the check thus: He was driving an automobile for hire and obtained the check from a man who, in company with the appellant's uncle named Manuel Martinez, was riding in the car. The name of the man from whom he received the check was unknown to the appellant. Appellant claimed that the check was indorsed by Ramon Arispe when it was passed; that he did not write the indorsement and did not know who did so. Ramon Arispe was called by the state and testified disclaiming any connection with or knowledge of the check.

According to Nieman, shortly before the check was presented, he was called over the telephone by a person giving his name as Frank Murray, stating:

"I am sending somebody over there with a check, and I wish you would cash it for me."

Soon thereafter the appellant appeared with the check in question and passed it to Nieman. Murray testified and denied the issuance of the check or the calling of Nieman over the telephone.

About a month before the transaction, Murray had given the appellant a check for $4.75 which had been cashed by Nieman. The appellant indorsed it in Nieman's presence. The check was introduced in evidence for the purpose of comparison of the appellant's handwriting in the signature on the indorsement with that which appeared upon the alleged forged check. The complaint of the introduction of the genuine check for the purpose stated is not deemed meritorious. The writing of the appellant's name upon the back of the genuine check was proved by the direct evidence of Nieman and conceded by the appellant. The rule of evidence which, under such circumstances, sanctions the receipt in evidence of the indorsement of the genuine check is supported by many court decisions and text-writers. See Hughes v. State, 59 Tex. Crim. Rep. 294; Phillips v. State, 6 Tex. Tex. Crim. Rep. 364, and numerous decisions collated in Branch's Ann. Tex. P. C., Sec. 1141, subd. 3; Underhill's Crim. Ev. (3rd Ed.), Sec. 195, Note 93.

The prosecution asked a witness if he had other people identify the appellant as having given forged instruments. The court sustained the objection to the question and instructed the jury to disregard it. The bill shows no error.

Appellant sought a new trial upon the ground that the jury in their deliberations considered and discussed the failure of

the appellant to introduce certain witnesses, and upon the further ground that in their deliberations some of the jurors assumed or argued that the witnesses mentioned might be introduced upon appeal. Two men who served upon the jury testified upon the hearing of the motion for new trial. According to their testimony, they took into consideration the fact that the defendant did not produce any witnesses, and were not convinced of the existence of his uncle. They said they received no evidence from the outside, but based the verdict upon the evidence; that they discussed the case among themselves and felt like if the appellant did have an uncle, he should have had him as a witness. The appellant having given testimony that the spurious check was delivered to him in the presence of his uncle, the comment upon the fact that the uncle was not called as a witness or his absence accounted for cannot be regarded as misconduct of the jury. See Jones v. State, 7 Tex. Crim. App. 105; Ables v. State, 177 S. W. 1164; Underhill's Crim. Ev. (3rd Ed.), Sec. 45. Ordinarily, when the members of the jury in discussing the case in their retirement advert to those things alone which took place in their presence upon the trial, their arguments based thereon are not the proper subject of inquiry in attacking the verdict. They are not within any of the provisions of the statute stating the grounds of a new trial. See Todd v. State, 93 Tex. Crim. Rep. 553; Jack v. State, 20 Tex. Crim. App. 660. When the mandate of no statute has been violated, the alleged misconduct of the jury as a ground for a new trial is left primarily to the discretion of the trial judge, and unless there is an abuse of the discretion, the reviewing court is not authorized to disturb the verdict. See Reese v. State, 87 Tex. Crim. Rep. 245; Watson v. State, 82 Tex. Crim. Rep. 305; Todd v. State, supra. In overruling the motion in the present case, we have perceived no abuse of the discretion.

Finding no error presented for review, the judgment is affirmed.

*Affirmed.*