FRUTOSO MORENO v. THE STATE.

No. 12051. Delivered October 10, 1928.

The opinion states the case.

*E. T. Yates* of Brownsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; punishment, five years in the penitentiary.

The indictment which purported to charge appellant with the offense of burglary is under attack. A part of it reads:

"Did then and there unlawfully by force and threats and fraud enter a house there situated."

There is an entire absence of any allegation that the entry was by breaking or that it occurred in the nighttime or daytime. There is no such offense defined by the penal code as that attempted to be set out in the indictment against appellant in this case. A burglary is committed by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft. Art. 1389, P. C. Or, a daytime burglary may be committed by breaking into a house. Art. 1390, P. C. Or, by entering a private residence by force, threats or fraud in the nighttime, etc. Art. 1391, P. C. The indictment in this case failing to allege whether the entry was in daytime or at night or whether it was by breaking, is fatally defective, as has been expressly held in the case of Reyes v. State, 257 S. W. 893, appealed from Cameron County, which happens to be the same county from which the present appeal was prosecuted. The Reyes case, supra, discusses the question involved in this case at some length and it is a waste of time and space to again repeat what is there said.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.