## A. C. McGAFFEY v. STATE

No. 35,007.   November 28, 1962.

*Ben Henderson,* Dallas, for appellant.

*Henry Wade,* District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is operating a motor vehicle upon a public highway while intoxicated; the punishment, 14 months in jail and a fine of $250.

Police Officer J. N. Crosby testified that about one o'clock A.M., after he observed that it had no tail light, he stopped the automobile appellant was driving on Southern Oaks Boulevard, in Dallas. He testified that appellant "seemed a little confused the way he was talking" and that he smelled a strong odor of alcoholic beverage; that he asked the appellant what he had been drinking and "he told me he drank 25 to 30 beers".

The witness further testified, that, as he walked to the squad car, the appellant "was staggering and swaying quite a bit"; that his eyes "seemed quite a bit watery" and that "his speech was quite a bit confused".

Officer Crosby further testified that he had had occasion to handle many intoxicated persons and expressed the opinion that appellant "was very intoxicated".

Patrolman G. D. Payton, who was on patrol with Officer Crosby, gave similar testimony as to appellant's statement and demeanor and expressed the opinion that he was intoxicated.

An intoximeter test taken with his consent, after he reached the jail, revealed that appellant's blood alcohol concentration at that time was 0.264 per cent. Dr. Mason, Toxicologist and Director of the Dallas City-County Criminal Investigation Laboratory, who testified to the result of the intoximeter test analysis, expressed the opinion that any individual attaining a concentration in his blood of alcohol as high as a tenth per cent or greater would be under the influence of alcohol. On cross-examination his attention being directed to Dr. Leon Greenberg's statement in his book published in 1959, he testified:

"Well, yes, Dr. Greenberg apparently chose to use the standards adopted many years ago by the American Medical Association and the National Safety Council which stated that any individual having a concentration of alcohol in his blood greater than fifteen hundredths per cent is under the influence of alcohol. I agree with that statement. In recent years, studies of this matter have convinced most, if not the overwhelming, convinced the overwhelming majority of experts in this field that all individuals are under the influence at a tenth per cent."

Appellant denied that he was intoxicated or that he told the officers he had consumed 25 or 30 beers. He admitted having had one or two mixed drinks shortly after noon and that he "might have drank one or two beers after dark".

The jury resolved the issue against appellant and assessed a punishment within the terms of the statute under which he was prosecuted.

The evidence is sufficient to sustain the jury's verdict, and no reversible error appears.

The judgment is affirmed.