**Zelda Keeton JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35259.

Court of Criminal Appeals of Texas.

Feb. 27, 1963.

Rehearing Denied April 10, 1963.

Chester A. Oehler, Dallas, J. C. Aler, Austin, for appellant.

Henry Wade, Dist. Atty., Dallas, Robert Maloney, O. H. Harris, Hulen Ford and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, ten days in jail and a fine of $100.

Officer Sebastian of the Dallas Police Department testified that appellant's automobile weaved back and forth as she drove it along a public street in the City of Dallas. When the appellant stopped at a traffic light Officer Sebastian stopped his car behind her, then he approached and removed the ignition key from her car by reaching through an open window. He identified himself as a police officer and asked her to step out and they walked to a nearby cafe where he telephoned for a squad car which took her to the city hall. Officer Sebastian further testified that she had a strong odor of alcohol on her breath, bloodshot eyes, slurred speech and swayed while walking; that she told him she had had two mixed drinks and was going to her store to get a friend who was operating it; and he expressed the opinion that she was drunk.

Proof was offered that the appellant took an intoximeter test shortly after she arrived at the city hall which revealed that the blood alcohol concentration at that time was 0.280 per cent. The proof further showing that any person having 0.100 per cent concentration of alcohol in the blood would be under the influence of alcohol was substantially the same as that in McGaffey v. State, Tex.Cr.App., 363 S.W.2d 459.

Testifying in her own behalf, the appellant denied that she was intoxicated, but admitted that she was driving the car and she had had three mixed drinks of bourbon; and that a prior injury had impaired her ability to walk. She called one witness who testified that he was with her from about 7 P.M. until shortly before she was arrested and that she was not intoxicated although they took three drinks during this time.

The jury resolved the issue of intoxication against the appellant and the evidence is sufficient to sustain their verdict.

By informal bill of exception the appellant complains of the following argument to the jury by the prosecuting attorney:

"Zelda Keeton Johnson (appellant) has got to come down here and try to disprove these things."

To which the appellant interposed:

"I object to him saying that Zelda Keeton Johnson has got to try to disprove these things. They have the burden of proof, and until that burden

is met, we didn't have to put any testimony on."

which was overruled.

The appellant voluntarily testified as a witness in her own behalf and the evidence offered by her was an attempt to disprove the evidence that had been offered by the state. The court charged the jury on the burden of proof, the presumption of innocence and gave application to the law of reasonable doubt. The complained of remarks were not so prejudicial as to call for reversal.

■ Appellant contends that the trial court erred in refusing his motion for new trial based upon alleged jury misconduct.

The motion was not controverted by the state. The affidavits of the two jurors attached to appellant's motion for new trial were offered in evidence and they constitute all the evidence before the court when the motion was overruled.

In support of his motion the appellant relies on the following portions of the affidavits which he set out in his brief:

"Another juror, which I believe was Mr. Hurd, made a statement in the jury room that in his opinion it was unusual that the defendant's sister was not called to the witness stand, in order to prove or disprove the State's contention that the Defendant was drunk. Mr. Hurd, I believe, also stated that in these type of cases character witness(es) are usually placed on the witness stand.

"That it was unusual that the Defendant on a D.W.I. case would not have character witnesses testify in her behalf that the Defendant was of good character, not an alcoholic, or would not have any one at the trial in her behalf to testify about her personal habits or behavior;

"That it (is) not a matter of fact that the Defendant was involved in an accident but that by being D.W.I. that should there have been a child in the street reflex time due to D.W.I. would have been impaired, and thus a potential killer was on the public streets."

The appellant testified that in response to her request the arresting officers took her by her store so she could instruct her sister how to close it. It was further shown by a defense witness that appellant's sister was at the store during this time.

■ When the appellant testifies on the main trial, it is not error for the jury to discuss his failure to produce other evidence in his behalf. Romero v. State, 109 Tex.Cr.R. 15, 2 S.W.2d 462; Leal v. State, 169 Tex.Cr.R. 222, 332 S.W.2d 729.

■ The discussion by the jury during its deliberations of the dangers and hazards caused by a drunken driver on the public streets was a reasonable inference and conclusion from the evidence and presents no error.

■ The alleged misconduct of the jury as a ground for new trial rests in the discretion of the trial judge. Under the facts of this case there appears no abuse of discretion in overruling the motion for new trial.

The judgment is affirmed.

Opinion approved by the court.

On Appellant's Motion for Rehearing

McDONALD, Judge.

Appellant's able counsel earnestly contends that this court committed error and is leaving an erroneous impression in the law as to what constitutes discretion of the trial court in granting a new trial, and insists that the trial court has certified error by not refusing to approve appellant's bills of exception within the specified time and that his bills of exception shall be considered as approved by the trial court and no other approval thereof is necessary.

We are aware that appellant's contention is encompassed within the terms of Art. 760d, Vernon's Ann.C.C.P., pertaining to the approval of bills of exception.

This court has held in McGee v. State, 155 Tex.Cr.R. 639, 238 S.W.2d 707; Watkins v. State, Tex.Cr.App., 239 S.W.2d 107; Mayberry v. State, 156 Tex.Cr.R. 101, 239 S.W.2d 111; McCune v. State, 156 Tex. Cr.R. 207, 240 S.W.2d 305; Hudson v. State, 156 Tex.Cr.R. 612, 245 S.W.2d 259; Sublett v. State, 158 Tex.Cr.R. 627, 258 S.W. 2d 336; Hanna v. State, 159 Tex.Cr.R. 2, 259 S.W.2d 570, and Free v. State, 165 Tex. Cr.R. 374, 307 S.W.2d 808, that where the entire matter is before us we will not be bound by the trial court's certificate of error.

Under the record, we remain convinced that the trial court did not abuse his discretion in refusing to grant a new trial.

Appellant's motion for rehearing is overruled.