### LEVI WOODS v. THE STATE.

No. 4158.   Decided October 11, 1916.

**Aggravated Assault—Alibi—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of aggravated assault, the evidence failed to exclude the idea of defendant's presence at the time of the commission of the offense, a charge upon the subject of alibi was unnecessary, the court submitting a proper charge otherwise. Following Underwood v. State, 55 Texas Crim. Rep., 601, and other cases.

Appeal from the County Court of Wichita. Tried below before the Hon. R. V. Harris.

Appeal from a conviction of aggravated assault; penalty, four months confinement in the county jail.

The opinion states the case.

*Martin & O'Neal,* for appellant.—On question of alibi: Schaper v. State, 122 S. W. Rep., 257; Sapp v. State, 77 id., 456; Hart v. State, 150 id., 188; Davis v. State, 152 id., 1094; Jones v. State, 110 id., 741.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant, an adult male, was convicted of an aggravated assault and battery upon a female.

There is but one question in the case, and that is, whether the court should have given a charge on alibi.

It seems now to be the settled rule "that unless the testimony fails to exclude the idea of accused's presence at the time of the commission of the offense, a charge upon the subject of alibi need not be given." And, "in no case should a cause be reversed for the refusal of such a

charge, unless in the light of all the testimony the evidence excludes the theory of appellant's presence at the place of the crime," as said by this court through Judge Ramsey in Underwood v. State, 55 Texas Crim. Rep., 601. The rule is thus again stated: A charge on alibi is not required if defendant's theory is not inconsistent with the State's theory that he was present at the commission of the offense. Underwood v. State, 55 Texas Crim. Rep., 601; Parker v. State, 40 Texas Crim. Rep., 119; and see Hernandes v. State, 64 Texas Crim. Rep., 73; Myers v. State, 65 Texas Crim. Rep., 448.

The State's theory and testimony was that appellant committed an assault and battery upon his paramour, Mattie Lee Williamson, at her room over the garage on the Ferguson place at 12:30 o'clock at night. The State did not claim that the offense was committed at any other time or place. The testimony of the officer was that he saw the assault and battery committed at this time and place and that immediately after he saw it he went up into this woman's room and found only appellant and her therein, and no one had left there from the time he saw the assault and battery until he reached the room. Both appellant and the woman testified that he was there at that time, but both denied that he then, or at any other time or place, committed any assault or battery upon her. She further testified that some unknown "chuffy or heavy built" negro man assaulted her at 10:40 that night, not in her room at all, but elsewhere in the back yard of the Ferguson premises. She and appellant both further testified that appellant was not there at that time—10:40—but he shows that he was elsewhere at that particular time. They both further swear that appellant came to her room about one hour later and remained there continuously until the assault and battery testified to by the other State's witness occurred.

The court in his charge, after properly defining the offense as alleged, required the jury to find and believe from the evidence beyond a reasonable doubt, that appellant, being an adult male, then and there committed an aggravated assault and battery upon said woman. In addition, he gave the usual charge that the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if they had such doubt, to acquit him.

Under the facts of this case and the law, the court committed no reversible error in refusing to charge an alibi.

The judgment is affirmed.

*Affirmed.*