# Kermit Basham v. The State.

No. 13691.   Delivered June 24, 1931.
Rehearing Denied October 14, 1931.

The opinion states the case.

*Moss & Deaver,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

Buster McCrary was night watchman at a gin. About one block away was a second gin at which appellant's brother was night watchman. On the night of October 28th, 1929, some one entered the gin where McCrary worked and shot him with a pistol. According to the testimony of the injured party and his physicians, the wound was serious. It was the theory of the state that appellant and his brother had been stealing cotton from the gins, and that they had endeavored to persuade McCrary to engage with them in their unlawful enterprise. Further it was the state's theory that the injured party had declined to join appellant and his brother, with the result that an attempt was made to kill him. Touching the assault, McCrary testified that on the night of the shooting he had gone to the neighboring gin where he found appellant, his brother and others; that after remaining with the parties for a short time he and appellant returned to his place of business; that there appellant suggested to him that they enter into an agreement whereby they would steal cotton from the two gins; that he declined to have anything to do with the matter; that appellant stated to him: "You know too damn much and I will just get you"; that his (McCrary's) gun and flashlight were on a table near appellant; that appellant seized the gun and shot him; that after shooting him appellant took all of the cartridges out of the pistol, except the empty shell, and carried them with the flashlight away from the gin. The state's testimony was further to the effect that the flashlight and cartridges were found in appellant's possession shortly after the shooting.

Appellant denied that he had anything to do with shooting McCrary and declared that he had at no time stolen cotton or attempted to persuade the injured party to enter into an agreement with him to steal cotton. He admitted that he went to the gin office with McCrary on the night in question, but testified that McCrary lay down on the bed and was preparing to go to sleep when he left the office. Appellant's brother, as well as appellant, testified that McCrary had come to their

gin on the night in question in a drunken condition, and that believing he might shoot some one, they had unloaded his pistol.

Bills of exception 1 to 3, inclusive, deal with the same question and will be discussed together. In one of these bills it appears that the district attorney asked appellant's brother on cross-examination if he did not have a conversation with the injured party about two weeks before the shooting in which he stated to him that he and appellant were stealing cotton from the gin, and would like to have him engage in the enterprise with them. In another of said bills it is shown that appellant was asked on cross-examination by the district attorney if he did not know that his brother had, about two weeks before the shooting, discussed the proposition of stealing cotton with the injured party. The last bill relates that McCrary, the injured party, testified in rebuttal for the state that about two weeks prior to the shooting appellant's brother told him that he and appellant were stealing cotton and wanted him (McCrary) to "go in with them." In each of said bills it is shown that appellant objected on the ground that the proposed testimony related to details of an extraneous offense and involved a conversation had out of the presence and hearing of appellant. The court qualified the bills with the statement that the injured party had testified that he had been invited by appellant to engage with him in stealing cotton; that the witnesses were asked the question for the purpose of laying a predicate of impeaching appellant and his brother. It was the state's theory that the refusal of the injured party to enter into the enterprise of theft with appellant and his brother impelled appellant to shoot him. Hence, in support of such theory, it was proper to prove that appellant and his brother had been stealing cotton and that they had acted together in an endeavor to persuade McCrary to join them. It would follow that it was proper to introduce originally the statement in question if appellant was present at the time the parties were discussing the matter. As hereinbefore stated, the state relied upon the injured party's knowledge that appellant and his brother had been stealing cotton as a motive for the assault. It is the rule that "the mere fact that in proving motive for a homicide or an assault that a separate crime may be proven does not render said proof inadmissible." Branch's Annotated Penal Code, sec. 1882; Blackwell v. State, 29 Texas App., 194; 15 S. W., 597; Morris v. State, 30 Texas Crimp Rep., 95, 16 S. W., 757; Morrison v. State, 40 Texas Crim. Rep., 473, 51 S. W., 358; Renfro v. State, 42 Texas Crim. Rep., 393, 56 S. W., 1013. It is merely stated, as a ground of objection, that appellant was not present. There is nothing in the bills of exception to support the objection. It is the rule that a mere ground of objection is not a certificate of the trial judge that the facts which form the basis of the objection are true; it only shows that such an objection was made. Branch's Annotated Penal Code, sec. 209; Buchanan v. State, 107 Texas Crim. Rep., 559, 298

S. W., 569. Again, it is the rule that it is the legal presumption that the ruling of the trial court was correct unless the bill of exception shows otherwise. Branch's Annotated Penal Code, sec. 207; Buchanan v. State, supra. Giving effect to the rules controlling, we are constrained to hold that the bills of exception fail to manifest error.

It appears from bill of exception No. 4 that appellant offered to testify that a negro by the name of Marshall who had gone for some liquor at about 11:30 p. m. on the night of the shooting returned to the gin office occupied by appellant sometime in the early morning, and made the statement that the "law" was after him. Upon objection by the district attorney, the testimony was rejected. It is stated in the bill of exception that the testimony was offered for the purpose of showing that another party committed the assault on McCrary. The bill is too meager in its recitals to enable us to appraise the question sought to be presented. It is not shown that the negro in question had been to the place where the shooting occurred, or that he had been anywhere in its vicinity. It is observed that part of the proffered testimony involved declarations on the part of the negro that the "law" was after him. This statement is not shown by the bill to have been res gestae. It is the rule that the declarations of a third party admitting his guilt of the crime for which the accused is upon trial are admissible where the state is relying solely upon circumstantial evidence and the guilt of such third party is inconsistent with the guilt of the accused, and the facts show that such third party was so situated that he might have committed the crime. Proctor v. State, 114 Texas Crim. Rep., 383, 25 S. W. (2d) 350; Wise v. State, 101 Texas Crim. Rep., 58, 273 S. W., 850; Stone v. State, 98 Texas Crim. Rep., 364, 265 S. W., 900. The state did not rely upon circumstantial evidence. If the declaration in question was susceptible of the construction that it was an admission on the part of the negro that he had committed a crime, such declaration could not properly have been received in evidence under the decisions.

Appellant timely and properly objected to the charge of the court for its failure to embody an instruction covering the law of alibi. The injured party testified that the shooting occurred not later than 10:45 p. m. He fixed the time by a clock in his office. Appellant testified that he was with the injured party at his brother's place of business at 10:45 p. m.; that he went with McCrary to the place where the shooting occurred sometime after 11 o'clock; that he returned to his brother's place of business shortly after 11:15 p. m.; that thereafter he remained at the gin for several minutes and later went to a restaurant in town; that he did not return to the place where the shooting occurred. It appears that appellant was dressed in a cream colored sweater or coat. A witness for the state testified that he saw some one with a cream colored sweater or coat on at the place where the shooting occurred about midnight. It is

apparent that it was the state's contention that the assault occurred when appellant was with McCrary, the injury party, in the office of the gin. There is nothing in the record to show that the parties relied upon the same clock in testifying as to the time of the various occurrences. We do not understand that appellant's testimony as to his whereabouts is inconsistent with the state's theory that he was present at the commission of the offense. Parker v. State, 40 Texas Crim. Rep., 119, 49 S. W., 80; Underwood v. State, 55 Texas Crim. Rep., 601, 117 S. W., 809; Hernandez v. State, 64 Texas Crim. Rep., 73, 141 S. W., 268. Hence, we are constrained to hold that the learned trial judge properly declined to respond to the exception.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In appraising bill of exception No. 14, this court was governed by the evidence adduced upon the trial, as reflected by the statement of facts and was not controlled by the language of the trial judge in qualifying the bill to the effect that the evidence did not raise the issue of alibi. The record upon the original hearing was given the most careful examination and consideration of which the members of the court were capable. The testimony is complicated and difficult of analysis, but as understood by the members of the court (by all of whom the record has been examined) the evidence adduced was not such as to require an instruction to the jury upon the issue of alibi. Counsel for the appellant, in their motion for rehearing, earnestly insist and forcefully argue that in the conclusion stated this court was in error. With the motion, as well as the record, before us, we have again reviewed the subject and are unable to reach a conclusion other than that announced in the original opinion.

The motion is overruled.

*Overruled.*