# NOVEMBER 27, 1935

HERMAN ASHLOCK V. THE STATE.

No. 17792.    Delivered November 27, 1935.

The opinion states the case.

*Art Schlofman,* of Dalhart, and *John H. Merchant,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property of the value of less than fifty and more than five dollars and his punishment assessed at confinement in the county jail for thirty days and a fine of thirty dollars. The testimony adduced by the State shows that Boyd Moberly was employed by the Walker Estate as foreman of a ranch in Hartley county. In January, 1935, he was feeding the cattle on said ranch cotton seed cake. On January 14, 1935, he had six hundred empty cotton seed sacks which disappeared between the 14th and 16th day of January, while he was on a visit to Albany. Later he found part of said sacks at the Mayfield Feed & Grain Company and part of them at the Dalhart Produce Company in Dalhart, Texas. Mr. Reynolds testified that he was an employee of the Mayfield Feed & Grain Company; that he purchased from appellant and T. L. Womack, 488 sacks at three and one-half cents each. Mr. Bartley, an employee of the Dalhart Produce Company, testified that he purchased some sacks from appellant at three cents per sack; that these sacks were later claimed by Mr. Moberly as the property of the Walker Estate. Appellant testified in his own behalf that he worked for Moberly on the Walker estate ranch up to 4 P. M. of January 14, when he left. That he spent the night at the Close-In-Rooms with T. L. Womack, Carl Ashlock and Leonard Trice; that during the night he did not leave the premises. He admitted that he sold sacks to the Mayfield Feed & Grain Company and to the Dalhart Produce Company, but claimed that he purchased some of the sacks from Francis Dawson, and others were sacks in which he had had wheat. Francis Dawson testified in behalf of the appellant that about the 15th day of January he sold seven hundred sacks to appellant.

Appellant's first contention is that the court erred in failing to charge on alibi and in declining to submit a special requested charge on said issue. We cannot agree with him in his contention because the testimony shows that the sacks were taken at some time between the afternoon of January 14th and the forenoon of January 16th, 1935. Appellant only accounted for his whereabouts on the night of January 14th. His companions failed to testify that he did not leave during the night. If the

testimony had shown that the witnesses were together on the night of January 14th, then there might be some merit in his contention. The testimony fails to show that at the time of the commission of the alleged offense appellant was at some place other than the place where the offense was committed and therefore could not have committed the same. In the case of May v. State, 83 S. W. (2d) 338, this court says: "A charge on alibi is not required unless testimony relied on to establish alibi is inconsistent with fact of presence of accused at commission of offense." See, also, Woods v. State, 80 Texas Crim. Rep., 73, 188 S. W., 980; Williams v. State, 60 Texas Crim. Rep., 453, 132 S. W., 345; Underwood v. State, 55 Texas Crim. Rep., 601, 117 S. W., 809.

Appellant next complains of the action of the court in failing to instruct the jury in his main charge, and also in declining to give appellant's special requested charge to the effect that if the sacks were taken at different times, but not more than five dollars worth at any one time, then they could only assess his punishment at a fine in any sum not exceeding two hundred dollars. There is no testimony in the record which shows or from which an inference may be drawn that the sacks were taken at different times. All the sacks were missed from the premises at the same time and therefore it was not necessary to submit to the jury such an instruction. Whenever the court in his charge applies the law to the facts, as developed upon the trial, then the requirements of the law have been complied with.

Bill of exception No. 3 complains of the testimony of Mr. Moberly as to the value of the sacks because he did not show himself sufficiently informed as to the market value of second-hand sacks. If there was any error in this, it was harmless for the reason that Reynolds and Bartley both testified without objection to the value of said sacks as did Moberly. It is well settled in this State that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Sparkman v. State, 82 S. W. (2d) 972; Wagner v. State, 109 S. W., 169; Enix v. State, 16 S. W. (2d) 818; Burgess v. State, 225 S. W., 182.

By bill of exception No. 6 appellant complains of the action of the court in overruling his motion to quash the jury panel because the same had been selected by a jury commission appointed by the court at the March term, 1935, the term at which appellant was put on trial. Article 2108, Revised Statutes, 1925, reads as follows: "If from any cause, the jury commissioners should not be appointed at the time prescribed, or

should fail to select jurors as required, or should the panels selected be set aside, or the jury lists returned into the court be lost or destroyed, the court shall forthwith proceed to supply a sufficient number of jurors for the term, and when deemed necessary may appoint jury commissioners for that purpose."

Article 2109, Revised Statutes, 1925, reads as follows: "The county court shall, at its first term after the last day of December and the last day of June of each year, appoint three jury commissioners for said court," etc.

If the court failed to appoint jury commissioners at the prescribed time and the March term was the first term of court after the last day in December, then the court was legally authorized to then appoint three jury commissioners to select jurors for said term. In the absence of a showing that none of the contingencies existed which authorized the court to appoint a jury commission, the presumption prevails that the court acted in accordance with the express provisions of the statute, hence no reversible error is shown. All other matters complained of by appellant fail to disclose any error. Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.