## Benny P. Moore v. The State.

No. 23776. Delivered November 5, 1947.
Rehearing Denied December 10, 1947.

*Roger Lewis,* of Dallas, for appellant.

*Will R. Wilson, Jr.,* District Attorney, and *Robert H. Singleton,* Assistant District Attorney, both of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was assessed a penalty of six months in jail for driving an automobile upon a public highway while intoxicated.

The facts are deemed sufficient to show that appellant was the driver of an automobile which was the cause of a three-car collision upon a public highway in which several parties were injured, including the appellant. The first person to arrive at the car testified that he smelled liquor upon appellant's breath

and that he found in the seat of the car a pint bottle containing dry gin. The deputy sheriff who answered a call to the scene of the collision found in the car an empty whisky bottle. He testified that he smelled the odor of whisky upon appellant's breath and that he was at that time "fairly drunk."

The various witnesses testified relative to the collision and the extent of the injuries involved therein. Appellant did not testify.

We are unable to agree with appellant's contention that the facts are insufficient to support the conviction.

The statute (Art. 802, P. C.) makes it unlawful for one to drive an automobile upon a public highway while "intoxicated or under the influence of intoxicating liquor." The facts stated are deemed sufficient to authorize the jury's conclusion that appellant was not only the driver of the automobile but also that he was under the influence of intoxicating liquor at the time.

Bills of exception appear complaining of the receipt in evidence of the testimony of the deputy sheriff. These bills merely certify that the testimony was admitted over appellant's objection. No grounds or reasons upon which the objections were based are stated. Obviously, therefore, the bills present nothing for review.

Bills of exception appear complaining of argument of State's counsel as to injuries received by those involved in the collisions. The objection to this argument was that it was prejudicial and calculated to inflame the minds of the jury. The argument, as made, was directly supported by the facts in evidence. Such being true, State's counsel was within his rights in arguing the facts before the jury.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANTS MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this cause is based on the contention that the State did not prove the offense was committed

in Dallas County. No issue was made on this subject on the trial of the case, for which reason the presumption rests that jurisdiction was proven. Art. 847, note 5, Vernon's Ann. C. C. P.

We do find in the record a bill of exception by which the trial court has certified "* * * that the prosecution failed to prove, and did not prove, that the alleged offense occurred in the County of Dallas and State of Texas, and the facts were fully alleged in defendant's motion for a new trial * * *." Thus it is made to appear that the court has certified a failure which is not justified by the record. We find from numerous witnesses that appellant was driving on Singleton Boulevard. C. C. Mooney, deputy sheriff, testified that the occurrence was on Singleton Boulevard. He then said, "Singleton Blvd. is in Dallas County." (S. F. page 18.)

Had the bill of exception been properly drawn, the approval of it by the court would have raised a very serious question on appeal. Such bill does not comply with the rules in that it does not show that the question of venue was made an issue in the trial of the case, and does not show the evidence which was introduced on the subject. See Valdez v. State, 141 Cr. R. 52, 147 S. W. (2d) 246.

The motion for rehearing is overruled.