## WATKINS v. STATE.
### No. 25243.

Court of Criminal Appeals of Texas.
March 28, 1951.

Rehearing Denied May 9, 1951.

No attorney on appeal.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

Appellant was convicted of driving a motor vehicle upon a public highway while intoxicated and given a penalty of a fine of $50 and confinement in the county jail for 10 days.

There is no statement of facts in the record, but two bills of exception are offered as alleged errors, and some of the testimony is found therein.

It appears from one bill that appellant was observed driving erratically upon the highway, and when accosted by the officers, he made an admission to one of them that he was intoxicated. This latter statement occurred after the officer had given his reasons why he thought appellant was intoxicated: that his tongue was thick;

that he walked unsteadily; and that he had the odor of whisky about him. The statement objected to was given after the witness had testified to appellant's actions and appearance. The statement relative to this admission may have been, and seems to be, res gestae of the transaction, and the bill itself does not indicate otherwise, especially since there is no statement of facts present. See 4 Tex.Jur. p. 328, sec. 224. In the absence of such showing, this bill is overruled.

█ Bill No. 2 relates to the action of the trial court in giving a certain special charge to the jury. It seems therefrom that appellant's wife testified that she and her husband had eaten a sandwich at some restaurant on the evening in question and that appellant had drunk two bottles of beer; that something which he had either eaten or drunk made him sick, and that he had vomited. Appellant then offered the following special charge: "Gentlemen of the Jury: You are hereby given the following special charge which you will consider as much a part of the law applicable to this case as that contained in the Court's main charge: You are instructed that if you find and believe from the evidence or if you have a reasonable doubt thereof that the defendant at the time and on the occasion charged by the State in this cause was sick, ill and indisposed caused by something eaten or having drunk and was not in a state of intoxication, you will find the defendant not guilty and say so by your verdict."

It seems, however, that the trial court struck out the phrase "or having drunk" and gave the balance thereof to the jury, the objection going to the act of striking out such phrase. We think that the main contention of the State was that appellant's condition was caused by his "having drunk" something, his wife limiting same to two bottles of beer. We think the court was correct in not giving such portion of the charge. There is no objection to the main charge found in the record, and no testimony is present as to what made appellant sick and caused him to vomit; and in the absence of such a statement of facts, we perceive no error shown herein.

The judgment will therefore be affirmed.

On Appellant's Motion for Rehearing.

MORRISON, Judge.

Appellant states that this court overlooked the fact that the trial court certified that he had committed error. He fails to point out to us the certificate upon which he bases this contention.

█ We have again reviewed the bills of exception and find no basis for his complaint, in view of the rule announced by this court that where the entire matter is before us, we will not be bound by the trial court's certification of error. McGee v. State, Tex.Cr.App., 238 S.W.2d 707; McCune v. State, Tex.Cr.App., 240 S.W.2d 305; Moore v. State, 151 Tex.Cr.R. 217, 206 S.W.2d 600; Douglas v. State, 144 Tex. Cr.R. 29, 161 S.W.2d 92; Tex.Dig., Crim. Law █

Finding no further error, the appellant's motion for rehearing is overruled.