We find the evidence to support the jury's verdict.

Bill of exception No. 2 complains of the testimony of the accomplice as to the preparations made by the three boys in securing the guns prior to the time they picked up appellant and Couder. Appellant objected on the grounds that he was not present when these preparations were being made.

In Sapp v. State, 87 Tex.Cr.R. 606, 223 S.W. 459, 463, we had occasion to cite with approval Cox v. State, 8 Tex.Cr.App. 254. Therein we find a quotation from 1 Greenleaf on Evidence, in part, as follows: "It makes no difference at what time any one entered into the conspiracy. Every one who does enter into a common purpose or design is generally deemed in law a party to every act which has before been done by the others, and to every act which may afterwards be done by any of the others, in furtherance of such common design."

Bill of exception No. 3 complains that the ballistic expert who testified was not shown to have been qualified as such. With this, we cannot agree. The officer testified that he had been with the Identification Bureau of the Police Department of the City of El Paso for 23 years studying firearms and bullets.

Bills of exception Nos. 4 and 5 complain of the refusal to give requested charges. We have examined them in the light of the statement of facts and have been unable to find the evidence which would warrant or require their being given.

Bill of exception No. 6 complains of the opening argument of the prosecutor in which he said that there had been a preliminary hearing, at which appellant was bound over to the grand jury, that the grand jury had indicted him, and that defendant was now being tried by the jury. The trial court qualified the bill by stating that defense counsel had brought out the fact that a preliminary hearing had been held. Irrespective of the qualification, we see nothing "prejudicial or inflammatory" in the statement. Matters of common knowledge, unless they inject some new and harmful fact into the case, have never been held to be reversible error.

Bill of exception No. 7 complains of the closing argument in which the prosecutor referred to gang warfare. Nowhere therein is it shown that an objection was made or that the court was requested to instruct the jury not to consider the same. We find no fundamental error therein.

Appellant's motion for rehearing is overruled, and the judgment of the trial court is affirmed.

## HUDSON v. STATE.
### No. 25425.

Court of Criminal Appeals of Texas.
Jan. 30, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant has filed a second motion for rehearing and calls to our attention matters which probably should have been discussed in connection with the first motion for rehearing.

Appellant has attached affidavits to his second motion for rehearing setting out that the statement of facts was changed after the same was agreed to and filed of record. There is no admission on the part of the County Judge that he did this and the charge lodged in the affidavit is of a general nature. It is stated that the name of R. A. Hudson was not found in the statement of facts as originally filed and that the same was added by the court after the filing. The statement of facts itself, as we find it in the record, does not verify this claim but the name of R. A. Hudson, referred to as the defendant, is found at least five times in the body of the statement.

The question thus raised is quite an unusual one. This court is not a trier of fact. We can only pass on the things that are before us and, while we do not question counsel for appellant or the makers of the affidavits in any manner whatsoever, we are not in position to receive these affidavits and pass upon them. We know of no authority of law authorizing us to do so. As the bills of exception stand and the statement of facts as found in the record, there is no question about the conclusion reached in the original opinion.

Great stress is also laid on the contention that the bills of exception certify error. It is true that they state that the evidence was insufficient but the question of the sufficiency of the evidence is one of law and this court will not accept the trial court's conclusion as to a question of law. The bill must be appraised in the light of the statement of facts.

We are unable to sustain the contentions found in appellant's second motion for rehearing and the same is accordingly overruled.