## MILTON JACOB HANNA v. STATE.

No. 26,391. June 3, 1953.
Rehearing Denied June 27, 1953.

*James D. Crow,* Canadian, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a drunk driving conviction, with punishment assessed at a fine of $150.

The statement of facts in this case was prepared and filed by the trial judge under a certificate by him that the parties had failed to agree upon a statement of facts. Such procedure was authorized by Art. 759a, Sec. E., Vernon's C. C. P.

Witnesses testified that appellant was drunk and in an intoxicated condition when he was seen and apprehended driving an automobile upon a public highway. Such testimony warranted the jury's conclusion of guilt.

A bill of exception appears complaining of the overruling

of the motion to quash the jury panel. The motion is set forth in the bill of exception, and contains various allegations of fact. Nowhere therein are those facts shown or certified as existing or as true. Nor does the record otherwise reflect that evidence was introduced touching the allegations of the motion.

The matter sought to be presented, then, for our review constitutes only a pleading. The allegations of the motion do not prove or establish the truth thereof. The truth of the matters complained of much be, in some manner, verified. 4 Tex. Jur., Sec. 250, p. 369.

It is apparent, therefore, that the bill of exception presents nothing for the review of this court.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

In a forceful brief appellant has called our attention to what he denominates his motion for instructed verdict and Bill of Exception No. 2 and to our holding in Ross v. State, 154 Tex. Cr. R. 79, 225 S. W. 2d 189. He says that the phraseology of the bills of exception in the two cases is identical. In this he is correct. Appellant overlooks, however, several more recent decisions of this court on the question.

Bill of exception No. 2 contains the following certificate of the trial judge:

"The Court erred in overruling the defendant's motion of 'Not Guilty', because the evidence on the part of the State is insufficient to convict the defendant as charged. . . ."

In McGee v. State, 155 Tex. Cr. Rep. 639, 238 S. W. 2d 707, we said:

"In addition, we are not bound by any certificate of the court where we have the entire matter complained of before us in the bill. See the more recent cases cited in Texas Digest, Criminal Law 1111(4)."

This holding was followed in Watkins v. State, 239 S. W. 2d

107, in Mayberry v. State, 156 Tex. Cr. R. 101; 239 S. W. 2d 111, and in McCune v. State, 156 Tex. Cr. R. 207, 240 S. W. 2d 305, and in Hudson v. State, 156 Tex. Cr. R. 612, 245 S. W. 2d 259.

In the very recent case of Sublett v. State, #26,335, 158 Tex. Cr. Rep. 627, 258 S. W. (2d) 336, we said:

"We will be bound only by certificates from the trial court as to facts. The question was asked. This fact is certified in the bill and is binding on this Court. The trial judge's conclusion as to the 'resulting implication' is not binding on this Court. The facts are before us as they were before the trial judge. We alone reserve the right to pass upon what effect those facts had upon the trial of the accused."

In the case at bar, the statement of facts which is before us clearly shows appellant's guilt. We will not be bound by a conclusion of the trial court to the contrary.

Appellant urges that error is presented by the action of the trial court in overruling his motion to quash the jury panel. We observe that there is no allegation or proof that the trial court intentionally or arbitrarily declined to follow the procedure outlined in Article 2109, Vernon's Ann. C. S. The cases cited by appellant are therefore not controlling, and we think Article 2108 authorizes the action of the trial court in the instant case.

In Ashlock v. State, 129 Tex. Cr. R. 425, 88 S. W. 2d 703, we said:

"In the absence of a showing that none of the contingencies existed which authorize the court to appoint a jury commission, the presumption prevails that the court acted in accordance with the express provisions of the statute, hence no reversible error is shown."

Appellant has filed in this court a motion to strike the statement of facts, alleging that the same was not presented to him for approval. We observe that it was incumbent upon the appellant to secure the filing and approval of a statement of facts. He has made no showing in this court that the statement of facts on file herein is incorrect in any material respect or that he had agreed with the prosecuting attorney to a statement of facts contrary thereto.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled, and no further motion for rehearing will be entertained.