Robert Earl **LEE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42729.

Court of Criminal Appeals of Texas.

April 8, 1970.

Rehearing Denied June 10, 1970.

Will Gray, Houston, for appellant.

Carol C. Vance, Dist. Atty., James C. Brough and Ted Busch, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, life.

■ Appellant's first ground of error is that the court failed to charge the jury on the law of alibi. Prosecutrix placed the time of the assault at approximately 10:10 a. m. Other witnesses placed him at his job site two or three miles from the scene of the assault at approximately 10:15 a. m. on the day charged in the indictment. Appellant was travelling by his automobile on that day and the record does not show anything about traffic conditions.

In Basham v. State, 118 Tex.Cr.R. 29, 42 S.W.2d 261, this Court said, "There is nothing in the record to show that the parties relied upon the same clock in testifying as to the time of the various occurrences. We do not understand that appellant's testimony as to his whereabouts is inconsistent with the state's theory that he was present at the commission of the offense. Parker v. State, 40 Tex.Cr.R. 119, 49 S.W. 80; Underwood v. State, 55 Tex.Cr.R. 601, 117 S.W. 809; Hernandez v. State, 64 Tex.Cr.R. 73, 141 S.W. 268. Hence we are constrained to hold that the learned trial judge properly declined to respond to the exception."

Further, in Washburn v. State, 167 Tex. Cr.R. 125, 318 S.W.2d 627, this Court said that a charge on alibi need not be given unless the evidence was inconsistent with the State's case which put the appellant at the scene at the time of its commission even though he may have been shown to be at another place at a slightly different time.

The first ground of error is overruled.

■ The second ground of error relates to a comment by the court. Appellant's counsel in discussing a variance in the testimony as to appellant's height and weight called upon appellant to stand and the following statement was made:

"MR. CAMMACK: * * *

ROBERT EARL LEE—Robert, stand up.

(Defendant Stands.)

MR. CAMMACK:—Is five foot four and weighs a hundred and twenty pounds.

THE COURT: Was there any evidence to that effect?

Disregard it unless it's in evidence.

They may look at him and reach their own conclusions, but I don't believe there is any evidence to that effect."

Counsel objected that this was a comment on the weight of the evidence. The court said that he had not commented on the weight of the evidence. No request was made at this juncture to instruct the jury to disregard his comments. See Howard v. State, Tex.Cr.App., 420 S.W.2d 706. Later, however, in a rather full instruction, the court voluntarily instructed the jury to disregard any remarks he had made and then said:

"I wish to disclaim any intention whatever of trying to influence the jury. You are the sole and exclusive judges

of the facts proved and the credibility of the witnesses, the weight to be given their testimony, and you will determine that question and every other question in this case from the evidence you have heard in the trial of this case."

It would appear from the holdings of this Court in Jones v. State, 163 Tex.Cr.R. 284, 290 S.W.2d 671, and Chevallier v. State, Tex.Cr.App., 404 S.W.2d 36, that it had been the rather consistent rule that an instruction such as the one set forth above will cure the error of the court. We hold that it did so here.

■ Appellant's fourth ground relates to in-court identification by the witness Stewart. Near the end of Stewart's testimony, appellant's counsel moved to strike Stewart's entire testimony. Such a motion will not serve the function of a timely objection, Galan v. State, 164 Tex.Cr.R. 521, 301 S.W.2d 141. Stewart had already testified without objection that appellant was the man whom he saw in the vicinity of the attack.

■ The next ground of error based upon the in-court identification of the complaining witness requires more discussion. Upon the first objection being made, the jury was retired, and the witness recounted in answer to appellant's counsel questioning that Detective Bugg called her and asked her to come to the police station to view a suspect. When she arrived, Bugg carried her into a vacant room where she looked through a two-way mirror as four or five black men, one at a time, walked on the other side of the mirror. As each passed, she indicated that he was not her attacker, but when appellant entered the room, she recognized him immediately. She stated that "in order to be real positive" she asked to have him moved to where the light was better, and then restated her

positive identification. Officer Bugg also testified as to the format of the lineup. At the conclusion of the hearing in the absence of the jury, the court made his finding that identification at the police station was fair. A review of the entire record supports his findings. We find nothing suggestive in the procedure followed in this case. This was a pre Gilbert [1] and Wade [2] lineup.

During the foregoing hearing, appellant's counsel made an oral motion to suppress "any evidence or identification recovered as the result of the illegal arrest and unlawful detention" of appellant. The court heard the evidence along with that adduced on the question of the identification of complainant. The witness Stewart had given the police a description of appellant as "a black male wearing a certain type shirt and trousers, bareheaded, driving a white 1963 two door hard top Chevrolet which carried an expired inspection certification." Several days later, armed with this information, the police saw a black male wearing the same type clothing and accosted him. He gave them his identification, and told them he was looking for someone from whom he could borrow some money to buy gasoline for his automobile. Upon being directed to his automobile parked nearby, the police discovered that it was a white 1963 two door hard top Chevrolet, which carried an expired inspection certificate. It was at this juncture that the police asked appellant to accompany them to the police station, there to be viewed as a suspect in a rape case. When being asked if he wanted to call an attorney or his family, appellant stated that he did not. No statement was taken from appellant, and nothing of probative value was taken from his person or his automobile.[3]

We note that there were two pieces of electric wire protruding from appellant's

---

1. 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

2. 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

3. Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471, at p. 475.

pocket at the time of his arrest. They were seized and later introduced in evidence and alluded to in the prosecutor's argument. However, no connection between the crime and the extension cord was shown. It was shown that prosecutrix was tied with a venetian blind cord, not electric wire.

Finding no reversible error, the judgment is affirmed.